IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES EDWARD SHAW, )
)
      Plaintiff, )
)
v. ) No. CIV-11-383-FHS-SPS
)
CAROLYN W. COLVIN[1], Commissioner )
Social Security Administration )
)
      Defendant. )

**OPINION AND ORDER**

Plaintiff's Counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 36) on January 12, 2015. Judgment was entered in favor of Plaintiff on March 26, 2013, remanding this action back to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a July 25, 2014, decision finding in favor of Plaintiff and determining that Plaintiff was entitled to disability benefits beginning on January 15, 2001. On December 22, 2014, the Social Security Administration notified Plaintiff's counsel that

---

[1]The Court has been informed by Defendant that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted for Michael J. Astrue as the defendant in this action. Thus, this suit will proceed with this substitution in effect. See 42 U.S.C. Sec. 405 (g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

1

$26,589.98 had been withheld by the agency for the payment of attorney's fees, making the total amount withheld for attorney fees $34,415.48. (Plaintiff's Counsel previously received notification from the Social Security Administration that $7,825.50 was withheld from claimant's auxiliary benefits, in anticipation of attorney fees.) The combined notifications indicate that the $34,415.48 represents 25% of a $137,913.98 past-due benefits award to Plaintiff and his family.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The Plaintiff's Motion for attorney fees was filed 21 days after the Corrected Notice of Benefits was filed. The Court finds the Plaintiff's Motion is timely filed.

2

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $33,300.00 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $33,300.00. The Commissioner has filed an informative response on the various points of law to be considered, but does not challenge the reasonableness of the requested fee. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $33,300.00 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 36) is granted in the amount of $33,300.00. Pursuant to <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($14,317.20)[2] previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). This refund is for the full EAJA amount, without any withholding, offset, or deduction.

It is so ordered this 23rd day of January 2015.

Frank H. Seay
United States District Judge

---

[2] At one point in Plaintiff's Motion For Attorney Fees (Doc. No. 36), he states the total EAJA amount is $14,667.20. However, it appears the correct amount is $14,317.20.